LEWIS-GOODWIN OIL & GAS COMPANY *v.* HOLMES.

Opinion delivered October 4, 1926.

MINES AND MINERALS—FORFEITURE FOR NONPAYMENT OF RENT—
WAIVER.—Where a lessee's delay in payment of rent worked a
forfeiture, whereupon the lessor conveyed the land to another,
the subsequent acceptance of the rent by the lessor did not
invalidate his grantee's title, as the lessor had no power to
waive the forfeiture.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy*, Chancellor; affirmed.

*Mahony, Yocum & Saye* and *J. N Saye*, for appellant.

*Gaughan & Sifford*, for appellee.

HUMPHREYS, J.   On the 5th day of April, 1924, John P. Holmes, the fee owner of the south half of the northwest quarter of the northwest quarter of section 15; Elizabeth Holmes, the fee owner of the south half of the northeast quarter of the northeast quarter of section 16; Martha Holmes, the fee owner of the northwest quarter of the southwest quarter of section 15 and the northeast quarter of the southeast quarter of section 16; the Smackover Oil & Gas Company, owner of an oil and gas lease covering the northwest quarter of the southwest quarter of section 15, and J. T. Sifford, trustee, owner of an oil and gas lease covering the southeast quarter of the southeast quarter of the northeast quarter of section 16, all of said lands being in township 16 south, range 16 west, in Union County, Arkansas, appellees herein, filed a joint suit in the chancery court of Union County against Lewis-Goodwin Oil & Gas Company, appellant herein, to cancel and correct the oil and gas lease executed by Joe McGruder and his wife to it on March 7, 1921, and recorded on June 3, 1922, purporting to correct the description contained in an oil and gas lease executed by the McGruders, April 23, 1919, to J. K. Mahony, trustee, and recorded May 19, 1919, so as to correctly describe the lands aforesaid, which lease was assigned by J. K. Mahony to appellant on October 23, 1920, and recorded the same date.

On April 1, 1923, prior to the institution of this suit, John P. Holmes sold an oil and gas lease on the south half of the southwest quarter of the northwest quarter of section 15, township 16 south, range 16 west, in said county, being a part of the 120-acre tract aforesaid, to the Gulf Refining Company for $10,181.80 cash and certain oil payments to be made, but, when the abstract was delivered, appellant's lease from the McGruders was discovered, whereupon the Gulf Refining Company refused to accept the lease and make the cash payment. In order to consummate the deal and clear the title to the Gulf Refining Company, John P. Holmes and appellant herein entered into an agreement to the effect that the cash payment should be placed in the First National Bank of El Dorado, Arkansas, to be paid to appellee, John P. Holmes, or appellant, according as the title to the oil and gas lease holding rights on said land should be judicially determined. This suit was brought pursuant to the agreement and for the purpose of testing the validity of the corrected lease from the McGruders to the appellant.

The appellant filed an answer, denying the material allegations of the bill attacking the validity of its lease, and interposed the further defense, by way of cross-bill, that, when made by the McGruders to its assignor, J. K. Mahony, trustee, Joe McGruder was in possession of the land by purchase from John P. Holmes, appellee herein, under a deed erroneously describing the land as being in range 15 west instead of 16 west, through a mutual mistake in drafting and accepting the deed, and that, on this account, it was entitled to a reformation thereof, for which it prayed. It also alleged that the deed referred to recited that there was an unpaid balance of $1,500 on the purchase price of the 120-acre tract of land, which was evidenced by McGruder's promissory note, due and payable on January 1, 1920. It tendered into court $2,300, the amount due upon said note to that date, and asked that it be subrogated to the rights of Holmes in said warranty deed, and that the lien retained therein be foreclosed and the land sold, subject to the oil and gas lease

owned by appellant. On motion of appellant, the McGruders were made parties to the suit.

Appellees filed a reply, denying *seriatim* the material allegations of the cross-bill.

The cause was heard by the court upon the pleadings and the testimony adduced by the respective parties, which resulted in a decree quieting the title of each of the appellees to their alleged respective interests in the land, as against all claims on the part of appellant, denying it the rights of reformation and subrogation, and adjudging John P. Holmes to be the owner of the sum of $10,181.80 deposited by agreement in the First National Bank of El Dorado, Arkansas, and to all of the benefits accruing to the lessor under and by virtue of said oil and gas lease executed in favor of the Gulf Refining Company, covering the south half of the southwest quarter of section 15, township 16 south, range 16 west, in said county, from which is this appeal.

According to the above recital of the facts, J. P. Holmes was the owner of the 120-acre tract on March 3, 1919, when he sold same to Joe McGruder by an erroneous description, and of the 20-acre tract, which was a part of the 120-acre tract, on April 1, 1923, when he contracted to lease it to the Gulf Refining Company by correct description. On January 17, 1921, Joe McGruder conveyed the 120-acre tract back to J. P. Holmes by the same erroneous description. Though not recited in the statement above, J. P. Holmes conveyed all of the land to Frank M. Pugh on March 9, 1921, by correct description; but Pugh had reconveyed it to him by correct description at the time he contracted a leasehold estate therein to the Gulf Refining Company. As Holmes owned the land at the time he sold same to McGruder and also when he proposed to lease 20 acres to the Gulf Refining Company, the question of an innocent purchaser is not involved in this suit. It was developed by undisputed testimony adduced in the case that there was a mutual mistake as to description in the deed from Holmes *to* McGruder, in the lease from McGruder to J. K. Mahony,

in the assignment of the lease from J. K. Mahony to appellant, and in the deed from McGruder back to Holmes in settlement of the lien retained for the purchase money.

In view of this undisputed fact, McGruder would have been entitled to a reformation of the deed made by Holmes to him had he not conveyed the land back to Holmes, and his lessees, Mahony and appellant, were entitled to the same relief by virtue of their lease from McGruder, if the lease was in force and effect when the agreement was made between Holmes and appellant to clear the title to the Gulf Refining Company. As we understand the agreement itself, and the construction placed upon it by learned attorneys in their respective briefs, the sole question to be determined on this appeal is whether appellant had a valid lease on the 120-acre tract of land at the time Holmes and appellant agreed to clear the title to the 20-acre tract in the Gulf Refining Company and litigate over the proceeds. In other words, it was agreed that, if appellant's lease was in force and effect at that time, it should have $10,181.80 deposited with the court, and, if not, it should be paid to Holmes.

The record reflects that the first payment of the rental upon appellant's lease was deposited in the designated bank three days late. This failure on the part of the appellant to pay the rent on time automatically worked a forfeiture of the lease, and the only way to revive it was for Joe McGruder to waive the forfeiture by subsequently accepting the rents deposited in the bank, or by some other method of waiving the forfeiture. He did not waive the forfeiture by any other method, but accepted the rental money in September, 1921. At the time he acepted the rental, however, he had conveyed the land back to J. P. Holmes and had become Holmes' tenant. He had been Holmes' tenant eight or nine months when he received the rent from the bank. He had no interest in the land at that time, as he had conveyed it back to Holmes for a consideration. It does not appear in the record that Joe McGruder accepted the rent by and with the consent of Holmes, his grantee, and the

burden rested upon appellant to prove a waiver of the forfeiture, for Holmes obtained the title thereto during the time the lease was null and void on account of said forfeiture. In other words, Holmes took the land free of any outstanding claim under the lease when Joe McGruder conveyed it to him, and no subsequent independent act of Joe McGruder could thereafter ratify the lease so as to bind Holmes. It does not appear in the abstract that the delayed payment of the rent, or the subsequent payments, had been brought to McGruder's attention before he conveyed the land back to Holmes so that it could be said that he waived the forfeiture by silent acquiescence while he owned the land.

No error appearing, the decree is affirmed.